UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CRAIG A. JACKSON,

    Plaintiff,

v.                                          Case No. 3:25cv1254-TKW-HTC

SECRETARY RICKY DIXON, et al.,

    Defendants.

_____/

ORDER AND
REPORT AND RECOMMENDATION

Plaintiff Craig A. Jackson, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 arising out of the conditions of his confinement at Blackwater River Correctional Rehabilitation Facility. Doc. 1. After reviewing the complaint, the undersigned concludes this action should be dismissed for an abuse of the judicial process because Jackson has failed to truthfully disclose his litigation history. Thus, the Court will also deny Jackson's motion to proceed *in forma pauperis*. Doc. 2.

**I.    Legal Standard**

Because Jackson is a prisoner seeking to proceed *in forma pauperis* and seeking relief from government officials or entities, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). Additionally, the Court has inherent power to dismiss an action for a plaintiff's failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *See McNair v. Johnson*, 2025 WL 1923126 (11th Cir. July 14, 2025).

## II.   Discussion

Section VIII of the Court's approved complaint form requires plaintiffs to disclose their prior litigation history. The form advises plaintiffs that "failure to disclose all prior state and federal cases … may result in the dismissal of this case." Doc. 1 at 19. The form also advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.* Question A. asks the plaintiff to identify "any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." *Id.* at 20. Question C. asks the plaintiff to identify "any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" *Id.* at 22.

Jackson answered "Yes" to Question A. and identified two cases. However, based on this Court's independent investigation, he has failed to disclose, at least, the following case: *Jackson v. Dixon*, No. 3:25-cv-552-MW-ZCB, at Doc. 1 (N.D.

Fla. Apr. 28, 2025) (complaint identical to his instant complaint in this case, dismissed prior to service).[1] Additionally, Jackson answered "Yes" to Question C. and identified two cases. But he did not disclose, at least, the following case: *Jackson v. Fla. Dep't of Corr.*, No. 19-13743 (11th Cir. Dec. 9, 2019) (appeal to 11th circuit from case challenging conditions of confinement).

Despite these omissions, Jackson signed the complaint form under penalty of perjury. *Id.* at 25. Jackson's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Jackson suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Jackson's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was

---

[1] Although Jackson wrote on the complaint "possibly more" cases, it is Jackson's obligation to remember and fully disclose all cases filed. *See Sheffield v. Brown*, 2023 WL 9105658 at *3 (N.D. Fla. Dec. 14, 2023) ("Plaintiff could have requested his litigation history from the appropriate clerks of the various courts…[a]s such, Plaintiff simply cannot blame his faulty memory for his failure to respond to the questions.").

dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is ORDERED:

1.      Jackson's motion to proceed *in forma pauperis* (Doc. 2) is DENIED because the complaint is subject to dismissal for abuse of the judicial process.

It is also RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and this Court's inherent power for Jackson's failure to truthfully disclose his litigation history.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of August, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1.

Case No. 3:25cv1254-TKW-HTC